UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-81237-SMITH/MATTHEWMAN

PATRICK MCFADDEN,

    Plaintiff,

v.

CITY OF BOYNTON BEACH and
MARK SOHN,

    Defendants.
_____/

FILED BY ____KJZ____ D.C.
Oct 25, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' RENEWED JOINT VERIFIED MOTION TO TAX COSTS [DE 96]

**THIS CAUSE** is before the Court upon Defendants, City of Boynton Beach and Mark Sohn's ("Defendants") Renewed Joint Verified Motion to Tax Costs ("Renewed Motion") [DE 96]. This matter was referred to the Undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 17. No response was timely filed. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendants' Renewed Motion and award Defendants costs in the amount of **$1,156.95** against Plaintiff Patrick McFadden ("Plaintiff").

### I.  BACKGROUND

On July 7, 2020, Plaintiff filed a Complaint against Defendants in state court. [DE 1-1 at 5–13]. Specifically, Plaintiff alleged "state law battery" against Defendant City of Boynton Beach (Count I), and "state law battery" and unnecessary/unreasonable use of force against Defendant Mark Sohn (Counts II and III, respectively). [DE 1-1]. Thereafter, on July 31, 2020, Defendants

1

filed a Joint Notice of Removal [DE 1]. And, nearly one year later, Defendants filed motions for summary judgment. [DEs 31, 34].

Ultimately, the Court entered an Order Granting Defendants' Motions for Summary Judgment ("Summary Judgment Order") [DE 89] and closed the case. [DE 89 at 13]. Based on this ruling, the Court also entered final judgment in favor of Defendants and against Plaintiff. [DE 90]. Plaintiff then appealed the Court's Summary Judgment Order and entry of final judgment. [DEs 91, 93]. However, Plaintiff's appeal was dismissed on August 17, 2022, for failure to prosecute, with said dismissal constituting the Eleventh Circuit's mandate. [DE 95]. Thus, there is no question that Defendants are the prevailing parties in this lawsuit.

As it pertains to Defendants' request for costs, Defendants initially filed a Joint Verified Motion to Tax Costs [DE 92] on April 29, 2022. But because Plaintiff filed a Notice of Appeal that same date [DE 91], the Court denied Defendants' motion without prejudice, allowing them "to refile the motion to tax costs within 30 days after the final disposition of Plaintiff's appeal to the Eleventh Circuit." [DE 94]. Consequently, after Plaintiff's appeal was dismissed for lack of prosecution, Defendants timely filed the instant Renewed Motion, which seeks costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. [DE 96]. Attached to the Renewed Motion is a Bill of Costs [DE 96-4] and other supporting documentation.

## II. LITIGATION EXPENSES AND COSTS

Defendants request a total of $9,606.75 in costs and specifically seek the following costs: (1) $57.05 in fees for the costs of making copies of any materials where copies are necessarily obtained for use in the case; (2) $2,199.70 in fees for printed or electronically recorded transcripts

necessarily obtained for use in the case; and (3) $7,350.00 in expert witness fees. [DE 96-4 at 2].[1] In their Renewed Motion, Defendants very generally describe the nature of the costs sought to be recovered and the reasons why those costs were incurred. [DE 96 at 3]. Plaintiff failed to file a timely response to the Renewed Motion.[2]

A.  Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendants are the prevailing parties, as evidenced by the judgment on behalf of Defendants and against Plaintiff Patrick McFadden [DE 90].

Next, 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

---

[1] While Defendants marked the expert witness fees as "Compensation of court-appointed experts" in the Bill of Costs, Defendants' Renewed Motion does not state that the experts are court-appointed. Nor does a review of the docket reflect such, as discussed in further detail below. Moreover, while Defendants include $7,350.00 in their Bill of Costs and specifically list $7,350.00 attributable to two experts in the Renewed Motion, Defendants mistakenly total the "expert witness fees" as $8,850.00. *See* DE 96 at 3.

[2] Regardless of whether Plaintiff objects to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

B. <u>Analysis</u>

1. *Fees for Copies*

Defendants seek to recover fees for making copies in the amount of $57.05. [DE 96 at 2; DE 96-4 at 2]. Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Eleventh Circuit Court of Appeals has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623.

Here, according to Defendants, copies were necessarily obtained for use in this case. [DE 96 at 3]. Moreover, Defendants state that they "pay $0.35 per page for photocopies." [DE 96 at 3]. While Defendants have attached no supporting documentation to allow the Court to discern whether Defendants could have reasonably believed it was necessary to copy the papers at issue (in fact, the Court is unable to even determine *which* materials were copied), Plaintiff has failed to file a response to the Renewed Motion. Thus, Plaintiff has failed to challenge Defendants' assertion that the photocopies were "necessarily made in this case," or Defendants' assertion that $0.35 was paid per page.

4

Accordingly, because copying costs are permissible, the Undersigned **RECOMMENDS** that the District Judge award Defendant $57.05 in copying costs.

2. *Deposition and Transcription Fees*

Defendants also seek to recover deposition-related costs in the amount of $2,199.70. [DE 96 at 3; DE 96-2 at 3–7]. The fees are for the transcripts of the depositions of Sergeant Henry Crowell, Division Commander Vanessa Snow, Officer Amanda Shepaum, Officer Daryn Whitefield, Sergeant Jon Kautz, and Detective Danielle Whitefield, and for the videotaped depositions of Detective Whitefield and Sergeant Crowell. [DE 96-2 at 3–7].

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *EEOC. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). That is, "unless the knowledge necessary for the court to make a determination regarding the propriety of the proposed costs rests within the exclusive knowledge of the prevailing party." *Id.* at *2.

First, the Court will address Defendants' request for fees stemming from the videotaped depositions of Sergeant Crowell and Detective Whitefield. [DE 96-2 at 6]. As stated by the Eleventh Circuit:

> [W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.

*Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). "However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies." *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010).

Here, because Defendants merely allege that the "*transcript costs* [were] for printed or electronically recorded transcripts necessarily obtained for use in this case"[3]—and do not address the videotaped deposition costs—the Court finds that Defendants have not satisfied their burden of establishing that videotaping the depositions was necessary. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, No. 07-60654-CIV, 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009). Therefore, the Court finds that Defendants are not entitled to the requested $327.25 in videotaped deposition fees. [DE 96-2 at 6].

Next, the Court turns to the costs in connection with the deposition transcripts themselves. Those invoices reflect fees for copies of the certified transcripts, a "minimum transcript (original)" fee, a condensed transcript fee, a "deposition technology package" fee, a "production & archival" fee, and additional "finance charges/debits" fees. [DE 96-2 at 3–5, 7]. Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-

---

[3] [DE 96 at 3] (emphasis added).

6

22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). Indeed, "costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014).

Further, electronic delivery and handling costs are not recoverable. *See, e.g.*, *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010) (declining to award costs for delivery charges); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA,* No. 17-cv-920-Orl-37DCI, 2020 WL 5984040, at *4 (M.D. Fla. Sept. 2020) (declining to award "electronic delivery and handling" costs when necessity was unclear and unsupported by moving party's motion). And, unexplained "package" and "finance charges/debits" fee requests do not warrant an award of taxable costs. *See Phillipe v. Zimmer US, Inc.*, No. 21-cv-80388, 2022 WL 4632327, at *3 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 21-cv-80388, 2022 WL 4598714 (S.D. Fla. Sept. 30, 2022) (finding that an unexplained request for "Litigation Package—Secure File Suit" fees must be denied); *Caiazza v. Marceno*, No. 18-cv-784, 2021 WL 1193166, at *9 n.8 (M.D. Fla. Mar. 30, 2021) (stating that the court would not award unexplained "Finance Charges/Debits" costs).

Here, Defendants request $120.00 in total for condensed transcript fees (for the depositions of Sergeant Crowell, Division Commander Snow, Officer Shepaum, Officer Whitefield, Sergeant Kautz, and Detective Whitefield), $270.00 in total for "production & archival" fees (for those same six depositions), $240.00 in total for "deposition technology package" fees (for those same six

depositions), and $142.05 for "finance charges/debits" fees (for the depositions of Officer Whitefield, Sergeant Kautz, Detective Whitefield, and Officer Shepaum). [DE 96-2 at 3–5, 7]. With respect to the former, costs in connection with condensed copies of transcripts are not recoverable. *Nelson*, 2014 WL 2195157, at *3. Therefore, the Court finds that Defendants are not entitled to the requested $120.00 for condensed transcript fees. As to the "production & archival" fees, the Court finds that such fees are similar to delivery and handling costs, which are also not recoverable. *See TMH Med. Servs., LLC*, 2020 WL 5984040, at *4. Accordingly, the Court finds that Defendants are not entitled to the requested $270.00 for "production & archival" fees. Finally, with regard to Defendants' request for "deposition technology package" fees and for fees stemming from "finance charges/debits," the Court finds that Defendants have not met their burden to provide sufficient detail to justify such costs, and the Court is unable to determine whether such fees were for the convenience of counsel. Thus, those fees, too, must be denied. *See Phillipe*, 2022 WL 4632327, at *3; *Caiazza*, 2021 WL 1193166, at *9 n.8.

However, the Court does find that the "minimum transcript (original)" fees and the fees for the actual transcription of the depositions are recoverable. This is because such fees are self-evident, and because the corresponding depositions were all taken in February and March of 2021—before Defendants filed their motions for summary judgment. *See* DEs 31, 34. Thus, based on the timing of the depositions and Plaintiff's failure to file a response to the Renewed Motion, the Court finds that such depositions "appear to have been reasonably necessary at the time [they were] taken." *W&O, Inc.*, 213 F.3d at 620–21. Consequently, the Court finds that an award of $1,099.90 in deposition-related costs is appropriate ($281.90 for Sergeant Crowell, $291.00 for Division Commander Snow, $119.00 for Officer Shepaum, $132.60 for Officer Whitefield, $95.20

8

for Sergeant Kautz, and $180.20 for Detective Whitefield).

Accordingly, the undersigned **RECOMMENDS** that the District Judge award Defendants $1,099.90 in deposition-related costs.

3. *Expert Witness Fees*

Finally, Defendants seek $7,350.00 in expert witness fees. [DE 96 at 2–3, DE 96-4 at 2]. This includes $2,350.00 attributable to Dr. Kenneth J. Garrod, M.D. (an orthopedic surgeon who conducted a compulsory medical examination), and $5,000.00 attributable to Michael Pennington (a K-9 expert). [DE 96 at 2–3]. Defendants state these fees "were necessary to evaluate whether the Plaintiff suffered damages as a result of the claims brought forth in this lawsuit and whether the Defendants used reasonable force during Plaintiff's arrest." *Id.* at 3.

First, the Court preliminarily notes that Defendants' Bill of Costs [DE 96-4] requests these expert witness fees as "[c]ompensation of court-appointed experts." In this regard, there is no indication that either of these experts were court-appointed anywhere on the docket. Instead, the record reflects that Mr. Pennington was *retained* in this case to determine "whether the dog action in this situation was valid or not." [DE 35-9 at 9]. Likewise, the record reflects that Dr. Gerrod was *retained* to provide a report and give his opinion as to Plaintiff's injury. [DE 35-12 at 10].[4] Thus, it appears Defendants have mistakenly requested court-appointed expert fees.[5] The Court will therefore treat Defendants' request for $7,350.00 as a request for expert witness fees.

"Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) . . . . However, the amount of witness fees and taxable costs are governed by the provisions of 28 U.S.C. § 1821 . . . ."

---

[4] In fact, in Dr. Gerrod's deposition, he was questioned about fees in connection "*with the lawyer who hired*" him. [DE 35-12 at 13–14] (emphasis added).
[5] This is not surprising, as Defendants' Bill of Costs is deficient and not even signed by counsel. *See* DE 96-4 at 2.

*Rosenfeld v. Oceania Cruises, Inc.*, 2010 WL 11505555, *3 (S.D. Fla. May 25, 2010). Pursuant to 28 U.S.C. § 1821(a)(1), "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b), in turn, states that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b).

"Expert witnesses are treated the same as non-expert witnesses for purposes of taxing costs." *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016). Indeed, "[t]he amount of expert witness fees recoverable in a motion to tax costs is limited to that of the ordinary witness fees authorized under 28 U.S.C. § 1821." *Olmo v. Davol, Inc.*, No. 13-62260-CIV, 2017 WL 11220346, at *2 (S.D. Fla. May 15, 2017), *report and recommendation adopted*, No. 13-62260-CIV, 2017 WL 11220347 (S.D. Fla. June 1, 2017). These fees include "the statutory per diem fee, mileage and the subsistence allowance provided for under 28 U.S.C. § 1821." *Paylan v. Teitelbaum*, No. 15-cv-159, 2018 WL 5289501, at *5 (N.D. Fla. Aug. 1, 2018)*, report and recommendation adopted*, No. 15cv159, 2018 WL 5283442 (N.D. Fla. Oct. 24, 2018). Thus, absent consideration of mileage and subsistence allowance, witness fees (*and* expert witness fees) are recoverable when they do not exceed the normal statutory per diem award of $40.00. *See Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2021 WL 495033, at *2

10

(S.D. Fla. Feb. 2, 2021), *report and recommendation adopted*, No. 16-24918-CIV, 2021 WL 493397 (S.D. Fla. Feb. 10, 2021) ("While $40 per day is low for any expert witness, it is not within this Court's power to increase the amount.").

Here, Defendants request expert witness fees under Rule 54, pursuant to *Nebraska Public Power District v. Austin Power, Inc.*, 773 F.2d 960 (8th Cir. 1985), with no reference to mileage or any subsistence allowance. In *Nebraska Public Power District*, the Eighth Circuit found no error in the district court's taxation of expert witness costs where "the experts' testimony was crucial to the resolution of the issues in th[e] case." *Id.* at 975. However, after the case was decided, "the United States Supreme Court made it unequivocally clear that 'absent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.'" *Guthartz v. Park Centre W. Corp.*, No. 07-80334-CIV, 2010 WL 11505984, at *4 (S.D. Fla. Jan. 21, 2010), *report and recommendation adopted*, No. 07-80334-CIV, 2010 WL 11505437 (S.D. Fla. Feb. 17, 2010) (citing *Crawford Fitting Co.*, 482 U.S. at 445)). Consequently, the Court finds that Defendants' reliance on *Nebraska Public Power District* is misplaced, and that Defendants are limited to a $40.00 per diem expert witness fee. *See* 28 U.S.C. § 1821.

Regardless of such limitation, section 1821 clearly implicates fees in connection with court attendance or attendance at a deposition. *See* 28 U.S.C. § 1821(a)(1). In the instant case, Defendants request $2,350.00 for Dr. Garrod's review of medical records and for "[r]eview of video." [DE 96-2 at 13]. Defendants then request $5,000.00 in expert witness fees for Mr. Pennington's phone consultations, his review of numerous reports and transcripts, and his drafting of a Rule 26 report. [DE 96-2 at 14–15]. In other words, Defendants are seeking expert witness

11

fees that are unrelated to any court appearance or attendance at a deposition. These expert witness fees are not recoverable under Rule 54(d) or 28 U.S.C. § 1920. *See Paylan*, 2018 WL 5289501, at *6 ("However, [Defendant] is not entitled to recover the requested costs for Dr. Fowlkes' preparation of the expert report . . . or for preparation for the deposition . . . ."); *Dillon v. Axxsys Int'l, Inc.*, No. 98-cv-2237, 2006 WL 3841809, at *5 (M.D. Fla. Dec. 19, 2006) ("[S]ome of the claimed costs are clearly not recoverable, notably the fee of $17,188.20 for an expert report.").

Therefore, the Undersigned **RECOMMENDS** that the District Judge not award Defendants any expert witness fees.

### III.   CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendants' Renewed Joint Verified Motion to Tax Costs [DE 96] and further **RECOMMENDS** that Defendants be awarded total costs in the amount of $1,156.95. Plaintiff Patrick McFadden should be ordered to pay Defendants total costs in the amount of **$1,156.95,** and a judgment should be entered in that amount against Plaintiff Patrick McFadden, for which let execution issue.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Rodney Smith. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of October 2022.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge